By the Court,
Lane, C. J.
The statute, 2 Ch. St. 1106, § 30, .requires in terms, that the list of delinquent lands returned to the county auditor during the years 1821, 2, 3, “ shall be attested by such collector on oath.” As the penalties of perjury were intended to be imposed for a false return, it is clear, that the oath must be administered by competent authority. If the auditor at that time possessed no Such power, the list wants an essential requisite which invalidates the tax sale. The power to administer oaths is incidental to no office ■ except the judicial. It must be conferred by statute, either directly, or by implication, or ministerial officers do not possess it. By the statute of 1810, 2 Ch. St. 651, § 17, county commissioners are authorized to administer all oaths necessary to discharge the duties of their office. When this law was passed, it was a part of the duties of the Commissioners to settle with the collectors of taxes. An oath administered, by the commissioners, in a settlement with the delin- ■ quent collector, would be lawful; and if the auditor possessed the same power, the objection is removed.
In 1819, 2 Ch. St. 1102, § 10, the office of auditor was created, the duty of making settlements for taxes was transferred to him, and the •commissioners no longer entrusted with it. The act creating the 'office of auditor, is silent as to any power of administering oaths, except only, he was specifically invested with it in taking lists from the owners of lands, and in examining the collectors of the county tax concerning delinquencies. 2 Ch. St. 1257. The grant of authority in these specified cases sufficiently implies that he possessed it in no ether. In 1821, 2 Ch. St. 1194, “ the duties now done and p'rformed *93 (as the statute expresses it) by the board of commissioners, are transferred to the auditor, except in certain cases, as reserved therein.”' By this act the auditor was empowered to do all which the commissioners could then do, among which was the incidental authority to • administer such oaths as were necessary to discharge the' duties of the commissioners thus transferred. But the power of the commissioners to administer oaths was not general; it was only in cases-necessary in executing their duties, and it was no part of their duty, at that time, to receive the delinquent returns from the collector, nor was this service transferred to the auditor at that time, or by that, statute.
We therefore find no authority, by any of these statutes, enabling the auditor to administer oaths, except in the specified cases, until the-act of 1824. 2 Ch. St. 1377, § 5. The return of the collector, therefore, in 1822, was not under the securities and sanctions which the-law required ; and this omission is fatal to a title held under such strict principles as a tax sale, and supercedes the necessity of looking further into the ease.
Judgment for plaintiff.