# CHARLESTON.

## PHILLIPS v. MINEAR.

Submitted September 14, 1894.—Decided December 8, 1894.

1. TAX SALE—SHERIFF – COLLECTOR.

Section 9 of chapter 31 of the Code reads as follows: "No sheriff, deputy sheriff, collector or other officer who shall return any real estate as delinquent for the nonpayment of the taxes thereon, or who shall receive a list thereof under the provisions of the fourth section of this chapter, or who shall sell by himself, his deputy or agent, or who shall be the deputy of any officer making such sale, shall directly or indirectly purchase any real estate so sold, or be in any way directly or indirectly interested with any other person in such purchase. Every person violating this section shall forfeit one hundred dollars for each offense, and the sale shall be absolutely void, and the title to the real estate sold shall remain in the person in whose name the same is sold." *Held*, such fact making void such sale may be shown by any natural, common-sense implication fairly arising on the record according to the principles of evidence and ordinary means and methods of proof.

2. TAX SALE—AFFIDAVIT.

Where a sheriff who sells land for nonpayment of taxes under chapter 31 of the Code, appends to the list of sales not the affidavit required by law according to the form prescribed by section 13 of chapter 31, but, instead of saying in such affidavit, "I am not now, nor have I at any time been, directly or indirectly interested in the purchase of any of said real estate," substitutes therefor the phrase, "I am not directly or indirectly interested in the purchase of any of said land," and there being no other evidence of any kind on the point. Held, such case is properly held to be void under section 9 of chapter 31.

3. TAX SALE—CURATIVE ACT.

It is not the object or effect of the curative section 25 of chapter 31 to impair or in any way or to any degree affect section 9 of chapter 31, or to prescribe that its violation may not be shown by implication.

A. B. PEARSONS for appellant, cited Acts 1882, c. 103 s. 25;. Code, c. 31, s. 25; 34 W. Va. 207; 35 W. Va. 133, 134, 135; 36 W. Va. 613.

LIPSCOMB & LIPSCOMB for appellee, cited Code, p. 211,. s. 13; Acts 1872-3, c. 117, s. 18; 15 S. E. Rep. 223; 19 W. Va. 150; 34 W. Va. 207-14.

HOLT, JUDGE:

The plaintiff, James Phillips, brought this suit in equity in the Circuit Court of Tucker county on the 23d day of January, 1891, against D. S. Minear, to set aside a tax deed made to said Minear on the 27th day of December, 1890, by C. W. Minear, clerk of the County Court of Tucker county,. conveying a tract of one hundred and fourteen acres and one of thirty acres, recited as sold by A. H. Bonifield, as sheriff of said county, in the month of ——, 1889, as charged with taxes in the name of James B. Phillips, and returned delinquent for the years 1887 and 1888, and bought by said defendant, David S. Minear.

The Circuit Court, by decree entered on the 13th day of March, 1893, set aside the tax deed, from which this appeal was taken.

The first question presented by this record is, does it appear by any natural and fair implication therefrom, that the sheriff who made the sale was at any time directly or indirectly interested in such purchase? If so, the law declares that the sale shall be absolutely void, and the title to the real estate sold shall remain in the person in whose name the same was sold. See section 9, chapter 31, Code 1891, under which this sale took place.

The evidence which goes to establish such interest is as follows: The thirteenth section (chapter 31) prescribed that there should be appended to such list an affidavit as follows:

"I, A. B., sheriff (or collector or deputy for C. D., sheriff or collector) of the county of ——, do swear that the above list contains a true account of all the real estate within my county which has been sold by me, as well as a list of all the

real estate redeemed, and the names of the persons who re-
·deemed the same during the present year, for the nonpay-
ment of taxes thereon for the year ——, and that I am not
now, nor have I at any time been, directly or indirectly in-
terested in the purchase of any of said real estate, so help
me God."

Instead of that, the sheriff appended the following oath,
taken on the 22d day of November, 1889:

"I, A. H. Bonnifield, sheriff of the county of Tucker, do
·swear that the above list contains a true account of all the
real estate within my county, which has been sold by me
to individuals during the present year for the nonpayment
of taxes thereon for the years 1887 and 1888, and that I am
not directly or indirectly interested in the purchase of any
·of said real estate.   So help me God.   ·

A. H. BONNIFIELD, Sheriff.

"Sworn and subscribed to before me this 22d day of No-
vember, 1889.

"ABE BONNIFIELD, Clerk County Court."

The legislature, with commendable wisdom, and for ob-
·vious reasons, enacted that the sheriff who made the sale
should not be at any time, neither at the time when the af-
fidavit is made nor at any prior time, in any way directly or
indirectly interested in the purchase of said real estate; and
it intended to secure the evidence of such want of interest
on the part of the officer making the sale by requiring him
to take and sign a written oath to that effect as lasting evi-
·dence, to be appended to the list of sales.

The former law had not required the affidavit to state the
want of interest with such separate distinctness as to the
time of interest, but the legislature, moved perhaps by some
actual or supposed or apprehended evasion of the law in
that regard, by chapter 5, p. 8, of the Acts of 1887, amended
and re-enacted section 13, chapter 31, of the Code, so as to
make it read as we now find it in section 13, chapter 31, of the
Code (Ed. 1887, and Ed. 1891) "that I am not now, nor have I
·at any time been, directly or indirectly interested in the pur-
·chase of any of said real estate," and made no other change

in the section than the one here involved; so that it can hardly be said that the deliberate and only amendment made in a form of so important an oath was made for no purpose, and has no meaning, and that the old oath is, in effect, just as good.

But it may be said—and no doubt could be truly said—that the high character of the officer in this instance repels such inference of interest; but the change in the law was made not for particular instances, but for a general rule of conduct framed alike for all.

It will hardly be said that the officer did not, as matter of fact, know the law, or that it is hard to find, or to read and understood when found, or to put it in form when read and understood, for by turning to section 13 of chapter 31 of the Code of 1887—the law under which the sale was made—the form is given, and all such excuses thereby barred. It is a mistake to suppose that section 9 and section 13 are merely intended to make a purchase invalid which would, without such statutory inhibition, be lawful and valid. On general principles of public policy such a sale would be held void without any statute against it. Cooley, Tax'n 492. Public policy does not permit official integrity to be subjected to such conflict between duty and interest (see Black, Tax Titles, 2d Ed., § 297); and, if he can not buy directly, for a still stronger reason he should not be permitted to be indirectly interested in the purchase by or in the name of another; and this part of the affidavit is intended to bring home to the officer, impress it upon his conscience, and put him under the stress of an oath, sworn to and subscribed and filed as a part of the permanent record of his proceedings, that he can not purge himself of such a fault by transferring his interest to another, before he comes to make the affidavit; is intended to remind the officer that this law does not tolerate any such shift or device, and to give such express sanction to the honesty of the sale, and furnish at least *prima facie* evidence that no such shifting of interest between-times has been resorted to. And these provisions are in this state, and very generally, held to be mandatory, and indispensable to the validity of the sale. See *Simpson*

v. *Edmiston,* 23 W. Va. 675; Black Tax Titles, §§ 303, 306. Such was the main, if not the sole purpose of the amendment of section 13, chapter 31, made by the act of February 5, 1887 (see Acts 1887, p. 8).

The Circuit Court in holding this tax deed invalid was, in my opinion, clearly right, and was simply following and making effectual the behest of the lawmaker (see section 9, ·chapter 31) which declares with emphasis such a sale to be absolutely void; and taking as sufficient *prima facie* evidence of such interest, a common sense implication contained in :and spread upon defendant's own record of title, in this case unrebutted, uncontradicted, in fact the only evidence in the case on that point; and upon a matter so vital as to be a nec·essary condition to the validity of the sale, with a plain mandatory form spread out before the officer on pages 212, 213, of the law (the law he was going by—chapter 31, Code, 1887) the only authority he had to sell at all, to bisect the oath required, putting in that on the 22d day of November, 1889, when the oath was taken, he was not directly or indirectly interested in the purchase of any of said real estate, but leaving out the most important part—that he was not indirectly interested in such purchase on the 12th day of November, 1889, when the sale was made—gives rise to a natural, material implication under such circumstances, which can not be overlooked or passed by wherever the common-law principles of evidence come into play. And the curative section 25 of the same chapter neither takes away nor attempts to take away such implication, but leaves section 9 in full force, rendering such interest on the day of ·sale enough of itself to make the sale absolutely void, with such fact to be made out *prima facie,* or otherwise, by the ordinary principles of evidence and common-law means and methods of proof that are used and applied by courts of equity. See *Hays* v. *Heatherly,* 36 W. Va. 613 (15 S. E. Rep. 223); .*Jackson* v. *Kittle,* 34 W. Va. 207 (12 S. E. Rep. 484); *Baxter* v. *Wade,* 39 W. Va. 281 (19 S. E. Rep. 404).

There is evidence in the case tending to show that within the time given by law for the owner to redeem—that is to ;say, within one year from the sale (section 15, chapter 31)—

there was an attempted tender of the purchase-money, as shown as to amount by the purchaser's official receipt (see section 10, chapter 31). The agent of plaintiff who lived on the land, who was to keep the taxes paid, went to the purchaser, told him he lived on the lands of plaintiff, James Phillips, and was authorized to pay all taxes in Tucker county for him, and asked defendant if he had bought for taxes any of the plaintiff's lands in that county. Defendant said he had bought none of James Phillips' lands for taxes; that he had no claims against any lands of James Phillips for taxes. Witness put his hand in his pocket to pay all taxes that there were on two tracts owned by Phillips, one of one hundred and fourteen acres and one of thirty acres (the lands in controversy). Defendant, Minear, said he had not bought said lands for taxes, and had no claim against it. "We talked a little along about it, and I remarked that I was to look carefully after Phillips' taxes, and, if Minear had bought said land, that I was ready to redeem it for James Phillips, and that I had the money there to do it; but Minear said that he had not bought the James Phillips land for taxes." The record shows that these two tracts were charged on the land books and sold in the name of James B. Phillips. He is corroborated in the main by his brother, who swears he was present, and by a third witness, who saw them together, talking about something, at the time and place mentioned.

Defendant, David S. Minear, examined as a witness on his own behalf, flatly denies this; says that neither such conversation, nor any one like it, ever took place. There is an attempt to impeach the general character for truth of these two witnesses for plaintiff, which certainly fails as to one. As to the first witness for plaintiff, five witnesses are introduced who testify that they are acquainted with his general character for truth, and that it is not good. On the other hand defendant introduces ten witnesses who testify that they are acquainted with his general character for truth, and that it is good.

Without going into details, it is enough to say that from the facts not contradicted, and from all the circumstances

of the case and their inherent probabilities, I am inclined to the opinion that no legal tender was made or dispensed with.

Several other defects are relied on. First. The land was charged on the land books and sold in the name of James B. Phillips. Second. The caption to the list of sales prescribed by the statute is not followed, but it reads, "List of real estate within the county of Tucker sold within the month of Tucker, 1889, for the nonpayment of taxes thereon for the years 1887 and 1888, and purchased by individuals." Third. It will be noticed that, besides the mistake of repeating the name of the county where the name of the month of the sale ought to have been inserted, omitting the month from the caption altogether, it does not comply with the form prescribed by law in other respects. See Code, 1887, c. 31, s. 12. Fourth. So, also, it will be seen that the affidavit of the officer to be appended as required by the form given in section 13, chapter 31, reads: "A true account of all the real estate within my county which has been sold by me, as well as a list of all the real estate 'redeemed," *etc.* In the affidavit here brought in question the latter clause is wholly omitted. The forms given in the Code are so short, plain and simple that it is hard to explain their frequent nonobservance; but the curative section 25 of the same chapter 31 is so broad and comprehensive that I should be inclined to think it cured these irregularities in the list of sales mentioned above.

But for the reason already given I am of opinion there is no error in the decree complained of, and that it should be affirmed.