## OF THE

# SUPREME COURT OF APPEALS

## OF

# WEST VIRGINIA.

## CHARLESTON.

### STATE *v.* McELDOWNEY.

Submitted September 3, 1903.   Decided February 9, 1904.

1. TAX SALE—*Affidavit of Sheriff.*
    No defect in a sheriff's affidavit to a list of sales of land for taxes will invalidate a tax deed made under chapter 31, Code 1899. *Phillips* v. *Minear*, 40 W. Va. 58, and *McClain* v. *Batton*, 50 W. Va. 121, so far as they hold to the contrary, are overruled.   (p. 2).

Appeal from Circuit Court, Wetzel County.

Bill of review by the State of West Virginia, for Cassie C. Nuzum, against John C. McEldowney and others.   Decree for defendants, and plaintiff appeals.

*Affirmed.*

W. N. MILLER, R. F. FLEMING, and B. T. BOWERS, for appellants.

E. B. SNODGRASS, for appellees.

BRANNON, JUDGE:

This case involves the correctness of a decree of the circuit court of Wetzel county in refusing a bill of review presented

by the State and Cassie C. Nuzum to reverse a decree made in the case of the *State* v. *John C. McEldowney.* The facts up to that decree are given in the decision in that case. After that decree the State and Cassie C. Nuzum united in a bill of review based on both matter of law and newly discovered evidence. The matter of law is decided in the ·decision referred to, made this term, and in this case we consider only the new matter. The new matter is this: The affidavit of the sheriff to the list of delinquent tax sales filed in the county clerk's office is irregular in this, that it omitted the words, "nor have I at any time been" preceding the words "directly or indirectly interested in the purchase of said real estate"; whereas, as lately discovered the original list of sales on file in the auditor's office was free of such defect. This defect in the sheriff's affidavit as it appeared in the clerk's office was held by this Court not to· invalidate a tax-deed because of the fact that the original in the auditor's office was the true affidavit, and it being the original one and good under the statute, must prevail. *Winning* v. *Eakin,* 44 W. Va. 19; *Nuzum* v. *McEldowney,* 46 *Id.* 207. But the bill of review says that it had been discovered that the original affidavit to the sale return in the auditor's office was at first defective just the same as that in the clerk's office, but had been changed so as to cure the defect and conform to the statute. Grant that this change was wrongfully made after the filing of the sales list in the auditor's office. Would the defective affidavit destroy McEldowney's tax-deed? We hold that it would not, because of the cure of the defect by section 25, chapter 31, Code 1899. It provides that "no irregularity, error, mistake * * * in the list of sales filed with the clerk of the county court, or in the· affidavit thereto * * * shall, after the deed is made, invalidate or affect the sale or deed." It also provides that "no sale or deed of any such real estate under the provisions of this chapter shall be set aside, or in any manner affected by reason of the failure of any officer mentioned in this chapter to do or perform any act or duty herein required to be done or performed by him after such sale is made, or by the illegal or defective performance, or attempt at the performance, of any such act or duty after such sale." We hold also that such defect is cured by this language, that the tax-deed shall vest in the purchaser the former owner's title, "notwithstanding any irregularity in

the proceedings under which the same was sold, not herein provided for, unless such irregularity appear on the face of such proceedings of record in the office of the clerk of the county court, and be such as materially to prejudice and mislead the owner of the real estate so sold, as to what portion of his real estate was so sold, and when and for what year or years it was so sold, or the name of the purchaser thereof." If other clauses did not heal this defect, this would. How could this defect in the affidavit mislead the owner at all? How could it mislead him in the respects specified in the statute, that is, as to what portion of his land was sold, or the name of its purchaser, or when and for what years sold? It might be different with failure to return the list within the time required by law, because there the purchaser might be misled as held in *Barton* v. *Gilchrist*, 19 W. Va. 223. But that would not avail now. It is true this vice in the affidavit would nullify the deed under *Phillips* v. *Minear*, 40 W. Va. 58 and *McClain* v. *Batton*, 50 *Id.* 121. In *Winning* v. *Eakin*, 44 W. Va. 19, for reasons there given, the case of *Phillips* v. *Minear*, was doubted, and in *Gerke Brewing Co.* v. *St. Clair*, 46 W. Va. 93, it was logically or virtually overruled; and in *Boggess* v. *Scott*, 48 W. Va. 316, it was actually overruled in the opinion and point 8 of the syllabus. This fact was by inadvertence overlooked in *McClain* v. *Batton*, 50 W. Va. 121. So we overrule *Phillips* v. *Minear* and *McClain* v. *Batton* as to this point. And so this defect in the affidavit is ineffectual to affect McEldowney's tax-deed.

There is another reason why the bill of review cannot avail Cassie C. Nuzum. When McEldowney filed his answer to Cassie C. Nuzum's original bill he filed a copy of the sheriff's affidavit as it appeared in the auditor's office. That told her that there was a difference between it and the affidavit in the clerk's office. This was long before she filed her answer or cross bill in the case of the State against her. She should have put that matter in her answer, as she was advised of it, and cannot say it was newly discovered since the decree, and could not have been sooner discovered by due diligence. The State knew it also.

We must affirm the decree of June 6, 1903, rejecting the bill of review.

*Affirmed.*