# CHARLESTON

## WILKINSON v. LINKOUS et al.

Submitted March 19, 1908.  .Decided March 31, 1908.

1.  TAXATION—*Delinquent Tax Returns—Oath of Sheriff.*

Although the oath to a delinquent tax return is filled up and subscribed by the sheriff in the form prescribed by section 843,. Code, but it does not appear therefrom that such oath was subscribed and taken before and certified by a person authorized by law to administer oaths, as required by section 844, Code, the return is absolutely void; and such omission can not be supplied or the record subsequently corrected.   (p. 206.)

2.  SAME—*Tax Deed.*

Such defective delinquent return is not cured, after deed made,. by section 884, Code; and the tax deed based thereon is thereby rendered absolutely void.  (p. 206.)

3.  SAME—*List of Delinquent Sales—Affidavit of Sheriff.*

A like defect in the sheriff's affidavit to the list of sales of lands delinquent for taxes, prescribed by section 908, Code, will not invalidate the tax deed—such defect, if not cured by other clauses of said section 884, being healed by that clause thereof which provides that " no sale or deed of any such real estate under the provisions of this chapter shall be set aside or in any manner affected by reason of the failure of any officer mentioned in this chapter to do or perform any act or duty herein required to be done or performed by him after such sale is made, or by the illegal or defective performance of any such act or duty after such sale."   (p. 207.)

4.  EVIDENCE—*Documentary Evidence.*

On the trial of an ejectment suit by tax purchaser against one claiming under the former owner, a certified copy of such void delinquent return is admissible in evidence on behalf of the defendant to impeach the tax deed based thereon and it is error to exclude it.  (p. 207.)

Error to Circuit Court, Lincoln County.

Action by I. F. Wilkinson against .G. M. Linkous and others.    Judgment for plaintiff, and defendants bring, error.

*Reversed, and New Trial Granted.*

VINSON & THOMPSON and E. M. WATTS, for plaintiffs in. error.

D. E. WILKINSON and CLARKE W. MAY, for defendant in error.

MILLER, JUDGE:

In ejectment by tax-purchaser against one claiming under the former owner, the plaintiff introduced in evidence his tax deed from the clerk of the county court, showing sale of the land sued for and purchase thereof by him in December, 1901, for the taxes delinquent for 1899, objection to which by the defendants was overruled. After the plaintiff had introduced all his other evidence the defendants, to maintain the issues on their part and to impeach the validity of the tax deed, introduced in evidence certified copies of the delinquent and sales returns of the sheriff for the taxes of 1899. These documents, at first admitted, were at the conclusion of defendants' evidence, on motion of plaintiff, excluded; and following the verdict for plaintiff, the motion of defendants to set the same aside and for a new trial was overruled, and judgment entered thereon for plaintiff, to review which the defendants bring error.

While other points respecting the plaintiff's title papers are presented, the only one of real merit is the action of the court in rejecting the copies of the delinquent and sales returns. The statute, sections 843, 844, Code 1906, requires the sheriff, on or before the first Monday in June next succeeding the year for which taxes are assessed, to make out a list of real estate in his county delinquent for the nonpayment of the taxes thereon for that year, and on returning the same, at the foot thereof, to take and subscribe the oath prescribed therein before some person authorized by law to administer oaths, who shall certify the same. We emphasize the fact that the oath of the sheriff must also be certified by the officer. The oath to the delinquent return for the year in question, while filled up and subscribed by the sheriff, and while the jurat of the officer is filled up with the date, July 13, 1900, the same day the list appears to have been presented to the county court, it is not certified by any person. It nowhere appears before whom it was intended the oath should be taken and subscribed. The sales return is defective in the same particular. Did the court err in rejecting these papers?

So far as the question relates to the sales return, it seems to be fully answered by *State* v. *McEldowney*, 55 W. Va. 1. and the provision of section 25, chapter 31, Code, interpreted by it. That case holds that no defect in a sheriff's affidavit to such list of sales will invalidate a tax deed under said chapter; that, if other clauses in section 25 do not heal the defective affidavit, the provision thereof that "no sale or deed of any such real estate under the provisions of this chapter shall be set aside or in any manner affected by reason of the failure of any officer mentioned in this chapter to do or perform any act or duty herein required to be done or performed by him after such sale is made, or by the illegal or defective performance of any such act or duty after such sale," will do so. This question is elaborated in that case and the other cases therein referred to, and needs no further discussion here. The court therefore did not err to the defendants' prejudice in excluding the list of sales.

With respect to the delinquent return, however, the question can not be answered in the same way. The delinquent return is the foundation of the tax title. We have held at the present term, in *Devine* v. *Wilson*, that when the affidavit is wholly omitted from such delinquent return the list is void, and, the statute being mandatory, the deed of the county clerk based thereon will be set aside as void. The omission of a list so essential in the chain of title destroys its efficacy. Without the affidavit thereto the list, in legal effect, constitutes no delinquent return. But the question recurs, does the failure of the officer to subscribe his name to the jurat bring the present case within the rule of *Devine* v. *Wilson?* In that case the affidavit was wholly omitted; here, the oath prescribed is subscribed by the sheriff. But, in the absence of the signature of any person to the jurat, can we say, as argued, that the omission amounts to a mere irregularity, cured by the statute? Without being certified as required, how can we say the oath was in fact taken? Would such a paper support a prosecution for perjury or false swearing? Is it any oath at all? We think it clear it can not be regarded. The absence of the signature of the officer to the jurat destroys the evidential quality of the affidavit and return, and ren-

ders the latter, *prima facie* at least, invalid. 2 Cyc. 30; 1 Enc. Pl. & Pr. 316-17; *Tunis* v. *Withrow* (Ia.), 77 Am. Dec. 117; *Holmes* v. *Crooks*, 56 Neb. 466; *Wsterfield* v. *Bried*, 26 N. J. Eq. 357; *Hitsman et al. Admr's.* v. *Garrard*, 16 N. J. 124; *Bank* v. *Garton*, 40 Mo. App. 113; *Morris* v. *State*, 2 Tex. 502. Where an affidavit is required as the foundation of judicial action and the oath has in fact been taken, some cases hold the omission of the signature of the officer to the jurat may be supplied by oral evidence taken in the cause. *Bank* v. *Gettinger*, 4 W. Va. 305, 309; *Guy* v. *Walker*, 35 Ark. 212; *Williams* v. *Stephenson*, 103 Ind. 343; *McCartney* v. *Bank*, 3 Ala. 709; *Fortenheim* v. *Claflin*, 47 Ark. 49; *Veal* v. *Parkerson*, 47 Ga. 92; *Bantley* v. *Finney*, 43 Neb. 794; *Smith* v. *Walker*, 93 Ga. 252; *Cook* v. *Jenkins*, 30 Ia. 452; *Wiley* v. *Bennett*, 68 Tenn. 581. Other cases, however, hold that unless the jurat is subscribed by the officer the affidavit is absolutely void. *Ladow* v. *Groom*, 1 Denio 429; *Doty* v. *Boyd*, 46 S. C. 39, 42; *Tunis* v. *Withrow*, *Bank* v. *Garton*, and *Morris* v. *State, supra;* and the later case of this Court, *Cosner* v. *Smith*, 36 W. Va. 788, 792.

When the affidavit of the officer relates to a delinquent tax return, which the law requires shall be recorded, the omission of the affidavit, or of the jurat or the signature thereto of the officer, renders the return absolutely void, and the omission can not be supplied or the record subsequently corrected. Titles to land can not be allowed to stand on such defective and precarious records. 1 Blackwell on Tax Titles (5th Ed.) section 463; Black on Tax Titles (2nd Ed.) section 200; *Cotzhansen* v. *Kaehler*, 42 Wis. 332; *Skinner* v. *Brown*, 17 Ohio St. 33, 35; *Miner* v. *McLean*, 4 McLean (C. C.) 138. The statute of Ohio required the list to be "attested by the collector under oath"; and it was held in *Skinner* v. *Brown, supra*, that verification in the form of an official certificate appended to a delinquent list, not so attested under oath, was not sufficient and that no presumption arises from the record that it was verified. This Ohio case, however, refers to two former cases, viz: *Winder* v. *Starling*, 7 Ohio 539, and *Ward* v. *Barrows*, 2 Ohio St. 241. The latter case approves the holdings of the other, that inasmuch as the collector had literally pur-

sued the form of oath prescribed by the statute, although the record did not show that there was an explicit statement by the auditor that he administered the oath to the treasurer or collector, yet there was all the evidence which the legislature had thought proper to require, and that it would be presumed the oath had been properly administered. A further reason given by the court for this holding was that, from a consideration of all its provisions the leading object of the statute was to satisfy the auditor of the correctness of the return as laying a foundation for a settlement by the collectors with the treasurers. The history of our legislation however, will show no such restricted purpose in requiring verification of delinquent returns and the recordation thereof. With us the object is as much for the protection of the owner of the land as for any purposes of settlement by accounting officials. In *Miner* v. *Smith*, *supra*, an Ohio case, *Winder* v. *Starling* is questioned, although based on a statute of 1825, repealed; and it is there held that although the certificate to a delinquent return is in the form of an affidavit, and signed, but not apparently sworn to, just as in the case at bar, the return is void, the deed depending on it also void, and that the record of such return can not be altered by parol evidence—referring also to *Horner* v. *Stockwell*, 9 Ohio 93, where the same construction was given to the same statute.

We are therefore clearly of the opinion, on reason and authority, that, on account of the absence of the signature of the officer to the jurat, the delinquent return in this case amounted to no return, rendering the deed based thereon void; and as the present statute, section 29, chapter 31, Code, makes the tax deed *prima facie* evidence, and *prima facie* evidence only, the record of the void delinquent return on which the sale and deed were predicated was competent and proper evidence to impeach the sale and deed, and the court below erred in rejecting it. As the law formerly was, the plaintiff in ejectment claiming under a tax deed was obliged to introduce the entire record of the tax proceeding leading up to and including the deed. Warrel on Ej., sections 328-330; *Hays* v. *Heatherly*, 36 W. Va. 613, and cases cited. Under the present law, the burden is cast upon the defendant to impeach the deed by the prior void tax proceedings.

14

The controversy between the sheriff and the owner as to whether the taxes for which the land was sold involved much conflicting evidence, and, in view of the conclusion we have reached respecting the delinquent return, the question is immaterial, and we need not respond to it.

For the reasons given, we reverse the judgment below, set aside the verdict, and award the defendant a new trial.

*Reversed, and a New Trial Granted.*