# CHARLESTON

## DEVINE v. WILSON.

Submitted January 15, 1907.     Decided January 28, 1908.

1. TAXATION —*Delinquent Taxes—Affidavit.*
    The statute requiring the sheriff or collector to append his affidavit to his list of real estate returned by him delinquent for the non-payment of the taxes thereon, as prescribed by section 843, Code 1906, is mandatory; and when such affidavit is wholly omitted therefrom such list is void. (p 413.)

2. SAME— *Tax Deed.*
 A deed from the clerk of the county court for real estate sold by the sheriff, based upon such delinquent list, will be set aside as void. (p. 413.)

Appeal from Circuit Court, Marshall County.

Bill by Belle J. Devine against Isaac B. Wilson. Decree for plaintiff, and defendant appeals.

*Affirmed.*

SIMPSON & SHOWACRE, for appellant. ·

JOSEPH HANDLAN, for appellee.

McWHORTER, JUDGE:

Belle J. Devine filed her bill in the circuit court of Marshall county against Isaac B. Wilson praying that a deed made by Edgar M. Lewis, clerk of the county court of said county, bearing date June 26, 1901, and recorded in the clerk's office of the county court of said county, conveying lot No. 65 in Division 2 of the village of Glendale in said county to said Wilson, be set aside and annulled and declared a cloud upon the title of the plaintiff, and for general relief.

By deed dated November 12, 1896 Herman F. Steinman in consideration of $460 paid, conveyed said lot with general warranty to the said plaintiff. The deed made by clerk Lewis and herein sought to be set aside purports to have been made in pursuance of a sale of said lot made by James E. Doyle, sheriff of said Marshall county, in the year 1900 for taxes delinquent for the years 1897, 1898 and 1899.

The bill alleges that no proper delinquent list of said property was ever returned to the clerk's office by the sheriff, the same neither being subscribed nor sworn to as the law prescribes, and that the sale of said property for the taxes for said years was without warrant of law, that in fact the taxes had been paid thereon. The defendant Wilson filed his answer denying some of the allegations of the bill but did not deny the allegation that the so-called delinquent list was neither subscribed nor sworn to by the sheriff, to which answer the plaintiff made general replication. Depositions were taken and filed in the cause for both plaintiff and defendant and the cause was brought on to be heard on the

24th of February, 1906, upon the bill and exhibits and other proceedings in the cause and upon the depositions, when the court was of the opinion that the plaintiff was entitled to the relief prayed for in her bill upon her paying into court for the use of the defendant the amount of money paid by him for the purchase of the lot and all the taxes since paid by him thereon with interest on each sum from the date of payment, amounting in all to $22.97; and being further of the opinion that there was no proper return of delinquent land for said years of 1897 and 1898 and for that reason the said deed made by Lewis, clerk of the county court, to the defendant Wilson, conveying said lot No. 65, Division 2, of Glendale, should be avoided; and the court being of the further opinion that the plaintiff is entitled to said lot and that the said deed is a cloud thereon proceeded to decree that the same be avoided, set aside and annulled with judgment for costs against the defendant, and the court directed the said sum of $22.97, which had been paid by the plaintiff to the clerk of the court, to be paid to the defendant Wilson. From which decree Wilson appealed.

Section 843, Code 1906, (section 21, chapter 30) requires the list of real estate returned delinquent for the non-payment of taxes to be certified by the sheriff or collector of the county under oath and this provision is mandatory. The oath required to be attached to the list and subscribed by the officer is to the effect "that the foregoing list is, I verily believe, correct and just and that I have received no part of the taxes for which the real estate mentioned is returned delinquent, and that I have used due diligence to find property within my county liable for distress for taxes but have found none." This is required in order that it may appear that the officer has acted in good faith and used due diligence to collect the taxes from personal property; and which the statutes requires at his hands before he can return the real estate delinquent, and this fact can only appear from the return of the sheriff made under oath. The affidavit is necessary to complete the return of delinquency, and the total omission of an affidavit to said list renders it void. The provision in section 884, Code 1906, (section 25, chapter 31) that "no irregularity, error or mistake in the delinquent list, or the return thereof, or in the affidavit thereto, or in the list of

sales filed with the clerk of the county court, or in the affidavit thereto, or in the recordation of such lists or affidavit, or as to the manner of laying off any real estate so sold, or in the plat, description or report thereof, made by the surveyor, or other person, shall, after the deed is made, invalidate or effect the sale or deed," does not cure the omission of the affidavit to the delinquent list. It is only intended to cure any irregularity that may appear in the affidavit, but when there is no affidavit, there is no list. In case at bar the list purporting to be the delinquent list of the property sold is neither subscribed nor sworn to by the officer, and therefore is totally void. In *McGhee* v. *Sampselle*, 47 W. Va. 352, at page 358, it is said: "The curative provisions of section 25, chapter 31 of the Code do not apply where delinquent lands are purchased by the Sheriff on behalf of the State, and, if they did, the omission to append the affidavit required by statute to the delinquent list, and have the same properly recorded by the clerk, is such an error as renders the subsequent proceedings a nullity."

But it is contended that *McGhee* v. *Sampselle* has been overruled in *State* v. *McEldowney*, 54 W. Va. 695. It was overruled, but in so far only as it held that the curative provisions as to tax sales in section 25, chapter 31, Code of 1899, do not apply to purchases by the state of land sold for taxes. In the McEldowney case the objection to the delinquent list was not that it had no affidavit attached but that it was not returned until July 27, 1901, when the law required it to be returned by the first Monday in June, which was but an irregularity and cured by said section 884. But no fault is there or elsewhere found with the holding in the *McGhee* v. *Sampselle* case that the omission to append the affidavit required by the statute to the delinquent list and to have the same properly recorded by the clerk was such an error as to render the subsequent proceedings a nullity. The list exhibited with the bill representing the only delinquent lists that were returned were certified by the clerk of the county court as "an accurate copy of a page as appears in 'Delinquen List' Book, Marshall County, West Virginia," for the respective years 1897 and 1898. The return of the delinquent list is an act to be performed prior to the sale of real estate for nonpayment of taxes and must be performed in the manner and

form prescribed by the statute, and only irregularity, error and mistake in the delinquent list, or the return thereof, or in the affidavit thereto will be cured by said section 884. The closing provisions of said curative section 884, to the effect that no sale or deed of any real estate shall be set aside or in any manner affected by reason of the failure of any officer mentioned in that chapter to do or perform any act or duty required of him to be done or performed by him, or by the illegal or defective performance, or attempt at performance, of any act or duty, have reference alone to acts and duties required to be performed and done after such sale and can in no event be applied to the making and returning of the delinquent list, which is the foundation of the proceedings for the sale of the property. Where there is no delinquent list there can be no sale. *Mosser* v. *Moore*, 56 W. Va. 478; *Metz* v. *Starcher*, 60 W. Va. 657. We see no error in the decree of the circuit court and the same is affirmed.

*Affirmed.*