# CHARLESTON.

## FLEMING *v.* CHARNOCK.

Submitted June 6, 1908.      Decided October 26, 1909.

1.    TAXATION—*Place of—Lot in More than one County.*
    A village lot lying partly in one county and partly in another may be legally assessed for taxation in the county in which the greater part in value lies. (p. 52.)

2.    SAME—*Assessment—Irregularity.*
    The failure to enter for taxation a lot lying in an unincorporated village in a separate table under the head of "town lots," and the listing of such lot in the land book under "tracts of land," do not vitiate the assessment. (p. 53.)

3.    SAME—*Irregularities in Delinquent List and Notice of Sale— Cure by Statute.*
    Irregularities and mistakes relating to the description of land, its quantity and location, and the residence of the owner, in

a delinquent list, and the posted and published notice of sale of land for taxes, are, by statute, cured after a tax deed is made.   (p. 54.)

4.   SAME—*Want of Valid Affidavit of Return—Cure by Statute.*
    The want of a valid affidavit to the Sheriff's return of sales made for taxes is cured by statute.   (p. 54.)

Appeal from Circuit Court, Brooke County.

Suit by William M. Fleming against John H. Charnock and others.   Decree for defendants, and plaintiff appeals.

*Affirmed.*

*John R. Donehoo,* for appellant.

*C. K. Jacob,* for appellee John H. Charnock.

ROBINSON, JUDGE:

By this suit plaintiff sought to set aside a tax deed.   From a decree of dismissal on the hearing he appeals.   It is maintained that there was no valid assessment of plaintiff's land, and that there were, in the proceedings leading to the tax deed obtained by the defendant, irregularities and defects which vitiated that deed.   We shall briefly examine these propositions.

A charge of invalidity against the assessment is based upon the fact that the lot of land was assessed in Brooke county, although a part of it lies in the county of Hancock.   It is a small dwelling lot, in the unincorporated village of Holliday's Cove.   This village is situated on the line of the two counties we have mentioned.   The county line crosses the lot.   It is said that the whole of a lot cannot be assessed in a county in which only a portion of it lies; that the statute as to the assessment of tracts of land in this way does not apply to town lots, and that there is absolutely no provision of the law for the assessment of a lot as a whole when it lies in more than one county.   In other words, it is contended that the language of the statute, wherein is used the phrase "every tract of land," does not embrace in its construction small parcels which we commonly call "lots".   We cannot approve this view.   The statute is:   "Every tract of land of one thousand acres or less, lying partly in one county or assessment district, and partly in another, shall be entered for taxation on the land books of the county or assessment district where the greater part thereof

in value lies; but the entry thereof and payment of taxes thereon in any county or assessment district where any part thereof is situated, shall, for the time during which the same is so entered and paid, be a discharge for the whole of the state, state school, county and district taxes and levies charged and chargeable thereon." Ch. 29, section 32, Code of 1899. The section from which we quote this law has been amended since the assessment involved in this suit, but there has been no material amendment of the part of the section which we have quoted. It applied then as it applies now. Were the words "every tract of land" so restricted as to exclude from their meaning a lot such as the one owned by the plaintiff, the law would be devoid of provision for the assessment of a lot when it is crossed by the line of a county. It was not intended that there should be no provision for the assessment of a lot so situated. Nor was it intended that such a lot should be assessed in two parts, one part in each county or assessment district. There is greater reason for assessing a small lot as a whole in one of the counties or assessment districts in which it partially lies than in so assessing a larger tract of land. A provision was made for such case when the statute we have quoted was enacted. A lot such as plaintiff owned is certainly a tract of land of less than one thousand acres. A tract is defined as "a lot, piece or parcel of land, of greater or less size, the term not importing, in itself, any precise dimension." Black's Law Dictionary. Under the word "tract," in Anderson's Law Dictionary, it is said: "Does not imply anything as to the size of the tract of land." In this sense the statute to which we refer uses the word "tract." The mere fact that the words "tract or lot" are used in other connections throughout the statutes for the assessment of land and the sale thereof for taxes does not necessarily exclude a lot from the meaning of the word "tract" in the statute under consideration. So to hold would seem extremely technical and would not accord with our sense of reason or justice. A lot crossed by a county or assessment district line may be assessed for taxation in the county or assessment district in which lies the greater part in value of the lot. Referring to assessments like this one and to statutes similar to the one here involved, Judge Cooley says: "It is provided by general law in some states that where a farm

or plantation lies partly in two taxing districts, it may all be taxed in the one in which the mansion house is situate. Such a general rule varies the district to meet the particular case, and it has generally been sustained." Cooley on, Taxation, (third edition) 251. Such assessments do not violate the constitutional requirement for equality and uniformity in taxation, since they are made to apply to all of a class of persons similarly situated.

Another charge of invalidity in the assessment is that the lot was not listed for taxation in a separate table, under the head of "town lots," as directed in section 36, of chapter 29, as that chapter read when the assessment was made. The failure to follow this provision does not invalidate the assessment. It is a fact that plaintiff's lot was assessed. The listing of it among tracts of land other than town lots is a mere irregularity, if it can be said that a lot in an unincorporated village is a "town lot." It was not a violation of a condition precedent to the legality and validity of the assessment. The provision that tracts of land be listed in one table and town lots in another is a directory one. It is a regulation "designed for the information of assessors and officers, and intended to promote method, system and uniformity in the modes of proceeding, the compliance or non-compliance with which does in no respect affect the rights of tax-paying citizens." *Torrey v. Milbury,* 21 Pick. (Mass.) 64; *State Auditor v. Jackson County,* 65 Ala. 142.

The point is made that the assessment is invalid for the reason that, it is insisted, the greater part of the lot in value lies in Hancock, and not in Brooke where the lot was assessed. Is the assessment of land lying partly in one county and partly in another invalid, if made in the county in which the lesser part in value lies? The statute expressly saves from forfeiture or delinquent sale land on which taxes are paid under an assessment in either county, when it lies partly in one and partly in another. If an assessment is so valid that payment under it saves the property to the owner, may not non-payment under it cause the property to be lost to the owner? But this question is not now before us, because it is not shown that at the time the assessment was made the greater part of the lot in value did not lie in Brooke county, where it was assessed. The sale

was upon an assessment for the year 1902. It appears that valuable improvements were put upon the Hancock end of the lot after the assessment period of that year. Plaintiff in his deposition says that as to area his lot lies about equally in the two counties. But all testimony ·on the question as to where the greater value lies refers to the lot as of the time the depositions were taken, four years after the assessment. Not a word is offered as to which portion was the greater in value at the time of the assessment. If it is essential to the validity of this assessment that the greater part in value must lie in Brooke county, the absence of this essential fact is not shown. There is a presumption in favor of the validity of assessments until they are overthrown by a showing of invalidity.

In claiming that vitiating irregularities and defects exist in the proceedings leading to the tax deed, the plaintiff submits that the description of the property, its location and quantity, and the residence of the owner, as stated in the delinquent list, in the posted notice of delinquent land sales, and in the newspaper advertisement for sale, were false and misleading. After the deed is made these irregularities are expressly cured by the provisions of section 25, chapter 31. Then it is submitted that it is shown that the notary before whom the affidavit of the sheriff was made to the return of sales was the sheriff's deputy at the time, and that for this reason the affidavit is invalid. Without a consideration of the question of the invalidity of this affidavit because made before the sheriff's deputy, it suffices to say that even if it were held to· be invalid, its invalidity would not vitiate the sale A defect of this character is expressly cured by section 25, chapter 31, wherein it provides that: "No sale or deed of any such real estate under the provisions of this chapter shall be set aside, or in any manner affected by reason of the failure of any officer mentioned in this chapter to do or perform any act or duty herein required to be done or performed by him after such sale is made, or by the illegal or defective performance, or attempt at the performance, of any such act or duty after such sale."

It not being shown that there was an invalid assessment upon which there was delinquency and sale by which defendant obtained the tax deed, and it appearing that the defects and

irregularities complained of by plaintiff are cured by the statute, the decree of dismissal is right.    That decree is therefore affirmed.

*Affirmed.*