# CHARLESTON.

WELLMAN *et al v.* HOGE *et al.*

Submitted September 9, 1908.   Decided November 16, 1909.

1. EVIDENCE—*Judicial Notice—Proceedings in Another Suit.*
   In one suit judicial notice will not be taken of the proceedings in a separate and distinct suit, whether in the same or another court.   (p. 236).

2. TAXATION—*Sale for One Year's Delinquent Taxes—Effect.*
   A sale for one year's delinquent taxes is as effectual as a sale

for all the years for which the land may at the time be delinquent.   (p. 237).

3.   EVIDENCE—*Return of Tax Sales—Certified Copy.*
      A certified copy of the sheriff's original return of sales made for delinquent taxes, on file in the auditor's office, is proper evidence as to the quantity of land sold in a particular instance.   (p. 237).

4.   TAXATION—*Sales—Irregularities—Cure by Statute.*
      The failure of the sheriff to make a return of sales for delinquent taxes within the time prescribed by law, and the failure of the county clerk to record the same within the time prescribed, are expressly cured by statute.   (p. 237).

5.   SAME—*Sales—Sale of Land—Oil and Gas.*
      Where gas and oil are severed in title from land and separate assessment is not made as to the same, a sale of the land for delinquent taxes under an assessment without reservation carries with it the gas and oil.   (p. 237).

Appeal from Circuit Court, Marshall County.

Bill by Joseph W. Wellman and another against William V. Hoge and others.   Decree for complainants, and Hoge appeals.

*Affirmed.*

*John B. Wilson,* for appellants.

*Caldwell & Caldwell* and *McCamic & Clarke,* for appellees.

ROBINSON, JUDGE:

The object of the suit was to remove alleged clouds from the tax title of plaintiffs to land in their possession.   The bill specifically averred the validity of the title by tax deed.   The answer denied the regularity, sufficiency and validity of the tax deed, and by way of affirmative relief prayed that it be cancelled and annulled.   A special reply closed this issue.   It seems not to be controverted that if the tax deed is valid, and passed title to the whole estate, the decree granting the relief asked by the plaintiff is a proper one.

Hoge, the defendant, conveyed the land in June, 1892, to Barbara E. and Thomas H. Hall, reserving the gas and oil underlying it.   The tract was thereafter regularly assessed to the Halls without reservation.   There was no separate assessment of the gas and oil.   The Halls paid the taxes on the assessment of

66 W. Va.

the tract as a whole until 1897. They did not pay for 1897, nor for the next two years. The tract was returned delinquent. In 1900, it was sold by the sheriff for the delinquency of 1898, and was purchased by one of the plaintiffs. There being no redemption within a year, a tax deed was made to him after a survey and report had been returned as required by law. Later he conveyed a one-half interest to his co-plaintiff. Possession of the land by the plaintiffs, under the tax deed, is admitted by defendant. Some time after the tax sale, within the year for redemption therefrom, Hoge obtained from the Halls a reconveyance of the land to him But he did not even attempt to redeem. It is this deed from the Halls to Hoge and the claim which Hoge asserts to the gas and oil by reason of the reservation in his deed to the Halls that are attacked as clouds on the title of the plaintiffs.

The case is resolved to these questions: Is the tax deed valid? If so, did it carry the gas and oil as well as the land?

There was an assessment and a return of delinquency. These are essential to the validity of the tax deed. The delinquent list is not in the record, but the bill sufficiently sets forth its existence as a regular one, and the answer makes no attack upon it. No question as to regularity or sufficiency of the delinquent list was put in issue. Yet upon this appeal it is attacked as the identical one held insufficient by this Court in _Devine_ v. _Wilson,_ 63 W. Va. 409. But we can only consider the case now before us upon the issues and record made in it. We cannot look to an entirely distinct record, made by other parties upon issues entirely different from those now involved. "The general rule is well settled that courts will not, ordinarily, take judicial notice of their records and proceedings in other cases." 1 Elliott on Evidence, section 59. In our recent decision in _Pickens_ v. _Boom Co.,_ 66 W. Va. 10, Judge Brannon says: "Judicial notice will not be taken in one suit of the proceedings in a separate suit, whether in the same or another court. The record must be pleaded or given in evidence." If the return of delinquency was not good, Hoge has waived objection to it by not relying upon allegations of its irregularity before this cause was submitted and decided in the court below. The pleadings raise no issue relative to the delinquent list. How then could we undertake to decide such issue, even if we could

look to another record for proof? Clearly, new issues cannot be made upon appeal.

The other matters alleged against the validity of the tax deed do not affect it. It is claimed that the taxes were paid for 1897. It is shown that they were not paid. But what have they to do with this tax deed? The delinquency upon which it is based was for the year 1898. The tax sale was made for the delinquency of that year. A sale for one year's delinquent taxes is as effectual as a sale for all the years for which the land may then have been delinquent. *State* v. *Sponaugle,* 45 W. Va. 434. It is alleged that the sheriff did not personally make the sale. The sheriff was present, and his deputy cried the sale. Surely it cannot be seriously contended that this course was irregular. Then we are told that only one acre and not the whole tract was sold. But it is clearly shown that this alleged fact is not true. The copy of the original list of sales, certified by the auditor, shows that all of the tract was sold. This certified copy is proper evidence of that fact. *Winning* v. *Eakin,* 44 W. Va. 19. That the sheriff did not return the list of sales and the county clerk record the same within the periods fixed by law do not avail. These derelictions are expressly cured by the statute, wherein it is provided that neither the sale nor deed shall be affected by the failure of an officer to perform any act or duty required to be done by him after the sale. Code, chapter 31, section 25.

It is admitted that there was no separate assessment as to the gas and oil. Then the sale of the tract of land under its assessment without reservation, and the deed in pursuance thereof, carried title to the gas and oil. This proposition is clearly established in *Peterson* v. *Hall,* 57 W. Va. 535. It demands no further consideration here.

The tax deed is a valid one for the whole estate in the land. The decree upholding that deed and removing the clouds from the title held under it is clearly right and will be affirmed.

*Affirmed.*