## CHARLESTON.

MORGAN *v*. MOORE *et als.*

Submitted February 1, 1910.      Decided October 24, 1911.

MUNICIPAL CORPORATION—*Tax Sale—Failure to Record Tax List.*
  Points of syllabus in *Ritchie Lumber Co.* v. *Nutter*, 66 W. Va. 44, re-affirmed and applied. (p. 612).

Appeal from Circuit Court, Wood County.

Bill by George P. Morgan against S. P. Moore and others. Decree for plaintiff, and S. P. Moore, appeals.

*Affirmed.*

*Hileshew & McDougal* and *James A. Watson*, for appellant.

*F. P. Moats*, for appellee.

WILLIAMS, PRESIDENT:

This is a suit to enjoin W. E. Stout, clerk of the county court of Wood county, from making a tax deed to S. P. Moore, claimant, under a tax sale, of three-eights of a certain lot of land in the City of Parkersburg, sold on the 2nd day of January, 1906, for city taxes delinquent for the year 1902. It does not appear to have been delinquent for either state or county taxes. On the 18th of June, 1908, the circuit court of Wood county perpetually enjoined the execution of a deed, and declared the tax sale void. From that decree S. P. Moore has appealed.

Jennie E. Johnson was the owner of the land, and conveyed it to George McDonald by deed dated March 14, 1902, which was not recorded until May 16, 1902. It was, therefore, properly assessed with taxes in the name of Jennie E. Johnson for the year 1902, and was returned delinquent by the city col-

lector, and the return approved by the city council on the 12th of October, 1904, and ordered to be certified to the state auditor for sale according to law. But, after the delinquent list was approved by the city council, a copy of it was not filed with the clerk of the county court, nor was it recorded by him as provided by section 37 of the city charter. It appears that the delinquent list was recorded by the city recorder in a book which was usually kept in the county clerk's office, but which it was the custom of the city recorder to take from the office and retain in his own possession so long as it was necessary in order to make entries therein. But the entries were not signed by the clerk or his deputy, nor were they attested in any manner so as to make such entries records of the county clerk's office. The keeping of a book in the county clerk's office containing entries, not made or attested by the clerk, is not a recording by the clerk in his office within the meaning of section 31 of the amended charter of the City of Parkersburg, passed by the Legislature in 1903. And the recordation of the delinquent list in the county court clerk's office is one of the essential prerequisites to the right to sell land for delinquent city taxes. The omission of this important step defeats the tax sale. This identical question was decided by us in *Ritchie Lumber Co. v. Nutter,* 66 W. Va. 444. This case is governed by the principles announced and the points decided in that case; we adhere to those principles, and it is unnecessary to repeat the discussion of them here.

We see no error in the decree appealed from and will affirm it.

*Affirmed.*