# CHARLESTON.

## MALE *v.* MOORE.

Submitted September 8, 1910. Decided March 5, 1912.

1. TAXATION—*Tax Sale—Deed.*
   To support a tax sale and deed there must be a valid assessment—one that will impart full notice to the owner or taxpayer and make the proceedings due process of law.

2. SAME—*Assessment—Error in Name—Validity of Sale.*
   An assessment of land under a name so erroneous in departure from the correct name of the person chargeable with the taxes as to be liable to mislead one whose duty it is to pay or whose right it is to redeem, is invalid as a basis of tax sale and deed where the taxpayer or person entitled to redeem has no notice of the error.

(BRANNON, PRESIDENT, absent).

Appeal from Circuit Court, Tucker County.

Bill by Mary E. Male against John H. Moore. Judgment for plaintiff, and defendant appeals.

*Affirmed.*

*C. O. Strieby,* for appellant.

*J. Wm. Harman,* for appellee.

Robinson, Judge:

The decree sets aside and annuls a tax sale and deed in relation to plaintiff's house and lot. Defendant, the purchaser at the tax sale and grantee in the deed, has appealed.

Hornbrook was a former owner of the property. Defendant claims it was validly sold under an assessment made in the name of this former owner. But the assessment relied on is in the name of Hoonbrook. The copy from the land book, certified by the county clerk, so gives it. A photograph of the name as it appears in the assessment list shows the same to be Hoonbrook. One would quite naturally so read it. The sheriff certainly so interpreted the name, for he returned the taxes as delinquent in that name. No wonder he could not find Hornbrook to collect the taxes from him. Evidently he was looking for one of an entirely different name. No wonder the taxes became delinquent since they were sought from one who could not be found—sought from Hoonbrook, who did not exist.

This erroneous assessment of the property plainly misled the sheriff and his deputies. The proceedings as a whole show that these officers did not consider the assessment as one against a person by the name of Hornbrook. Since the assessment misled them, must we not reasonably assume that it was liable to mislead the subsequent owner of the property in seeking to pay the taxes or to redeem from the delinquency and the sale?

The proceedings throughout are erroneous and misleading. Though the property was erroneously assessed and returned as delinquent in the name of Hoonbrook, it was even more erroneously advertised for sale in the name of Hashbrook. The sale and deed were made in the name of Hoanbrook. See how many interpretations of the name in the assessment roll were given by the officers in acting on it! Is it at all strange that the plaintiff did not observe it to be her property?

Of course errors in the delinquent list and subsequent proceedings are cured after the deed is made. But the error in the assessment is covered by no such curative statute. There must be a valid assessment; otherwise the proceedings are void. There must be notice to the owner or taxpayer by an assessment that gives notice. A sale and deprivation of property cannot stand without due process of law by such a notice. The

assessment must be one that will call to the owner or taxpayer to pay the taxes. If the assessment is in a name that does not so call to the owner or taxpayer, or the property is so defectively described therein that he is not notified in relation to it, no valid proceedings for sale can be based on that assessment. It must be an assessment that will give notice—not one that will mislead. "Care should be taken that the name given in the list be the correct one; for any misleading error would be fatal." 1 Cooley on Taxation (3rd ed.), 729. We do not say that errors in names in the assessment list will always invalidate proceedings for sale; for, a taxpayer may have notice of an error so as to bind him. Or he may pay under an erroneous name and thereby adopt it so that he has notice of it in the future. But, in this case, we have no such showing. Here a subsequent owner was presumably looking for the name of a former owner without knowledge of error therein. In one of our cases it is pertinently said: "The name of the former owner is one of the most important requirements of all these tax proceedings. Nothing could be more calculated to mislead and prejudice the owner than to omit his name from the assessment roll or the delinquent or sales return. This fact has long been regarded in Virginia and this state; and if land were assessed in the wrong name, or in some name calculated to mislead or deceive the true owner, such assessment and sale has been held void and of no effect as against the title of the true owner." *Collins* v. *Reger,* 62 W. Va. 195.

So we hold that the assessment in the name of Hoonbrook was no assessment in the name of Hornbrook. It was an assessment in a wrong name—an assessment that misled. It could not perform the function of notice to the owner or taxpayer. The error no doubt caused the failure of the sheriff to collect the taxes from Hornbrook. If the assessment had been made in the proper name, presumably no occasion for the sale of the property would have arisen. In any event, plaintiff would have had notice to redeem, which she could not have by reason of the error. In *Collins* v. *Reger, supra,* we held: "Assessment and sale for taxes in the name of Martha Hedrick of land belonging to Martha Helmick, or in some way calculated to mislead or deceive such true owner, are void if without her knowledge or consent; the rule of *idem sonans* being inapplicable to as-

sessment rolls or to delinquent and sales returns." Some juris-
dictions do not require this degree of strictness. in the assess-
ment roll, but it applies with us. It is recognized on sound
reason elsewhere. In California, an assessment in the name of
S. M. Whipple, where the property was owned by S. B. Whipple,
who had always been known by the latter name and no other,
was held to be void because there was no designation of the
proper owner. *People* v. *Whipple,* 47 Cal. 591. In the same
state, an assessment in the name of Castero when the owner's
name was Castro was held void. *Eméric* v. *Alvarado,* 90 Cal.
444. See also, *State* v. *Sloss,* 87 Ala. 119. And why not so?
To be notice, the listing must be a correct one. An erroneous
one may not notify; it may mislead. It will be presumed to
mislead if the contrary does not appear. "This listing is neces-
sary in order to describe and identify the property and to insure
that it is taxed in the name of the rightful owner. These
matters must be set forth in some specified public record, and
set forth truly and accurately, so that the party who owns the
land may be given the opportunity to examine and see that his
land is made liable to taxation. This is the foundation upon
which the valuation of the land and the levy of the tax must rest.
However correct they may be, the owner will have received no
legal notice thereof, unless his land has first been properly
listed. Without it there will be no due process of law  * * *  So,
if the party to whom the property is listed is not the true owner
any assessment of the valuation or taxes thereon is invalid. The
conclusive effect given by statute to the tax-deed will not pre-
vent the true owner from establishing the error in the listing."
Minor on Tax Titles in Virginia, 131.

There was no assessment of the property in the name of
Hornbrook. The change of name may have been caused by
mere error in copying, but nevertheless the error made the name
to be other than the correct one. It matters not how it came,
the assessment was in a name that did not impart complete no-
tice to the owner or taxpayer. Though Johnson is only inad-
vertently written Johns, still the error publishes a wholly differ-
ent name. One looking for Hornbrook does not see it when he
finds Hoonbrook. He cannot be held to notice of an error merely
because the two names are similar in some respects. Must

one looking for Miller take notice that Mitter is intended for it, simply because the name could be inadvertently so written by crossing the middle letters? If the officer making up the assessment list change an *r* to an *o,* as may have been done in this case, and the effect is to write a different name so that the owner or taxpayer is misled, then notice is not imparted to him. Officers, in justice to owners and taxpayers, must not make such mistakes. They must list property accurately, if they would make the listing to be the basis of depriving owners of title. They can no more call on Hornbrook to pay taxes by the use of the name Hoonbrook than they can call on John Hatfield by the name of John Hayfield. The decree will be affirmed.

*Affirmed.*