# CHARLESTON.

## PLASTER *v*. HARMON.

Submitted September 9, 1910. Decided April 9, 1912.

1. TAXATION—*Tax Sales—Verification of Delinquent List.*
   A list of delinquent lands must have the affidavit required by statute when acted on by the county court; otherwise a tax sale and deed resting on it are void. An affidavit made afterwards will not do. (p. 634).

2. SAME.
   Though an order of a county court approving a list of lands delinquent for taxes states that the list was verified by affidavit, yet if that list itself shows that it was not verified when acted on by the court, such list and a tax deed under it are void. Such order of the court is not conclusive of the fact. (p. 634).

Appeal from Circuit Court, Mercer County.

Bill in equity by Mary E. Plaster against F. A. Harman. From a decree for plaintiff, defendant appeals.

*Affirmed.*

*Hale & Pendleton,* for appellant.

*Hugh G. Woods,* for appellee.

BRANNON, JUDGE:

A lot of land in Bluefield was returned delinquent for taxes for the year 1904, and sold for such delinquency in the name of

W. T. Bailey, purchased by F. A. Harman, and he obtained from the clerk of the county court a deed under such tax sale. Bailey having conveyed the lot to Mary E. Plaster, she brought a suit against Harman to annul said tax deed, alleging it to be void, and a decree was pronounced setting it aside.

The delinquent list describes the lot as No. 19 in section 308, whereas it is lot 10. This is alleged as a defect in the proceedings.

The original delinquent list was not retained in the clerk's office of the county court, but was transmitted to the auditor's office. The delinquent list as recorded in the book in the county clerk's office containing delinquent lists showing that the sheriff's affidavit was made 1st day of September, 1905, whereas, the order of the county court shows that the list was presented and acted upon by it long before this affidavit was made, that is, on 31st day of July. The original delinquent list sent to the auditor's office was not sworn to by the sheriff until 9th day of December, 1905, and before a different notary than the one certifying the affidavit on 1st day of September. The order of the county court, as it appears in the record of delinquent lists in the clerk's office shows that the sheriff presented a list of delinquent lands "verified by affidavit thereto appended," and shows those words erased by ink marks drawn through them. No order of the county court approving the delinquent list is appended to the list in the auditor's office. The printed form is unfilled.

It thus does not appear that when the delinquent list was before the county court it was verified. This case is governed by former cases. *Devine* v. *Wilson,* 63 W. Va. 409, holds that the statute requiring an affidavit to a delinquent list is mandatory, and when such affidavit is wholly wanting the list and deed resting on it are void. *Wilkinson* v. *Linkous,* 64 W. Va. 205, to same effect. It is claimed that as the county court order states that the list was verified, that is conclusive of the fact.

The county court acting upon such a matter is not a court of record of general jurisdiction of suits between parties. A deed was unwarrantably spread on record, and the county court, at the time a court of record of general jurisdiction, certified that it had been duly admitted to record; but that order was held not conclusive or final. *Herring* v. *Lee,* 22 W. Va. 661. But in

addition the record in this case is inconsistent, contradicts itself, because the delinquent list is referred to by it, is a part or exhibit as in a bill, and it itself shows that clause not true. The list itself is the better evidence, and denies the statement in the order that the list was verified. *Richardson* v. *Ebert,* 61 W. Va. 523, reiterated in opinion in *Board* v. *Berry,* 62 W. Va p. 436, and *State* v. *McEldowney,* 55 W .Va., p. 2.

Again, the original list in the auditor's office shows no order of the county court approving the list. If this does not deny and disprove the county court order book, still it would tell the inquiring land owner that there was no approval of the list and mislead him I think. It would be hard to find a more irregular proceeding on which to base a tax deed. Thus there was no affidavit at the time when the list was presented to the court. There were two affidavits before different persons. The taxpayer has a deep interest in the affidavits, that is, to have it sworn that no one had paid the taxes, and that diligence had been used to find property for levy to pay them. Anyhow, the statute requiring the affidavit is mandatory.

We hold the deed to be void, and affirm the decree.

*Affirmed.*