# CHARLESTON

## HAMILL v. GLOVER.

Submitted March 11, 1914.   Decided April 21, 1914.

1. TAXATION—*Tax Title—Validity—Assessment.*
   Mere failure to note, in an assessment of town lots, the estate of the owner, does not invalidate a duly recorded tax title acquired thereunder. When not thus noted, an estate in fee will be presumed. (p. 153).

2. SAME—*Tax Deed—Validity—Misnomer.*
   A mere mistake in the owner's name, in delinquency proceedings, does not invalidate a duly recorded tax deed. To have that effect, the misnomer must be a substantial departure from the true name, or such as will mislead the owner, and thereby prevent the exercise of his statutory right of redemption.   (p. 153).

3. SAME—*Tax Deed—Validity—Description.*
   Errors and mistakes in location or description of real estate, in delinquency proceedings, do not invalidate a duly recorded tax deed. These are within the curative provisions of §25, ch. 31, Code 1913. (p. 153).

4. SAME—*Delinquency Proceedings—Validity.*
   In assessment and delinquency proceedings, the fact of non-residence is immaterial.   (p. 155).

5. EVIDENCE—*Presumption—Official Acts.*
   If not otherwise appearing, the presumption is that before selling lots *in solido* the sheriff offered for sale an interest therein, as required by statute.   (p. 155).

Appeal from Circuit Court, Preston County.

Suit by G. S. Hamill against William H. Glover to cancel tax deed. From decree for defendant, plaintiff appeals.

*Affirmed.*

*P. J. Crogan,* for appellant.

*A. G. Hughes* and *Wm. G. Conley,* for appellee.

LYNCH, JUDGE:

Two lots in Terra Alta, owned by V. Mae Fitchner, were assessed and charged with taxes in her name for the year 1907. The taxes not having been paid, the lots were returned

delinquent, sold for taxes in December, 1909, and purchased by W. H. Glover, who on February 4, 1911, secured a deed therefor and three days later caused it to be admitted to record in the proper office of Preston county.

As beneficiary in a deed of trust by Mrs. Fichtner and her husband, dated July 1, 1908, G. S. Hamill purchased the two lots at a trust sale made in February, 1911. Hamill then instituted this suit to cancel the Glover tax deed, alleging irregularities, mistakes and errors in the assessment and delinquency proceedings under which Glover derived title.

The only defect urged in avoidance of the assessment is the failure of the assessor to note the dimensions of the lots and the street on which they abut. It is true §§41 and 51, ch. 29, Code 1913, requires such notation. But, if the lots are otherwise sufficiently described by numbers and location, the omission of the dimensions and the name of the street will not, after recordation, invalidate a tax deed. The description is adequate to advise any person having any interest in the lots. No one could be misled. The lots are fully identified by numbers, the town and town addition, the district and county in which they are located.

Plaintiff also bases his claim for relief on defects in the delinquent list, the return of sale, and the notice of sale: in the first, because the sheriff failed to note the estate of the owner, the street location and lot dimensions; in the second, because he incorrectly stated the owner's name as "V. Mae Fitchner"; and in the third, because he stated the name as "V. May Fitchner" and the number of the lots as "10-2" instead of 10 and 12, and failed to state the town in which and the street on which the lots are located and the lot dimensions.

This court has held in *State* v. *Sponaugle,* 45 W. Va. 415, that failure to specify in a list of sales the estate of the owner will not annul a tax deed. The argument and holding in that case are equally applicable to the facts of this case. The description given adequately identifies the lots returned delinquent as those owned by V. Mae Fitchner.

In view of the comprehensive provisions of §25, ch. 31, Code, it seems unnecessary to discuss in detail the other defects to which we have referred. These defects occurred subsequent to the assessment. They are found in the delinquency pro-

ceedings terminating in the sale and deed to Glover, and not elsewhere. So that, notwithstanding the irregularities, all the estate of the owner and *cestui que trust* was transferred to and vested in the grantee in the tax deed. Although the irregularities may appear in the proceedings of record in the clerk's office, that fact. alone does not invalidate a recorded tax deed. To have that effect, they "must be such as materially to prejudice and mislead the owner of the real estate so sold, as to what portion of his real estate was so sold, and when and for what years it was sold, or the name of the purchaser thereof; and not then unless it be clearly proved to the court or jury trying the case that but for such irregularities the former owner of such real estate would have redeemed the same under the provisions of this chapter. * * * No irregularity, error or mistake in the delinquent list, or the return thereof * * or in the list of sales filed with the clerk * * shall, after the deed is made, invalidate or affect the sale or deed". *Fleming* v. *Charnock,* 66 W. Va. 50. Besides, there is no evidence even tending to show plaintiff was misled by the errors on which he relies, or that but for such errors he would have redeemed the lots. He is content with the mere statement that he knew nothing about the delinquency until after Glover had recorded his deed.

The cases cited by plaintiff do not reach the facts of this case. In *Mosser* v. *Moore,* 56 W. Va. 478, the court found the delinquent and sales lists contained no description of the land sold. The case shows gross inadequacy in this important requirement. But it asserts, and cites authority to support the assertion, that a description is sufficient which will enable the owner to identify the property assessed as his or as that against which delinquency proceedings are instituted.

While in *Male* v. *Moore,* 70 W. Va. 448, and *Collins* v. *Reger,* 62 W. Va. 195, the court held the departure from the true name of the owner was substantial and material, operating clearly to mislead and deceive, the misnomers occurred in the assessments, and not in the subsequent proceedings. But it is said in the opinions that, to invalidate even the assessment, after sale and deed, the error or mistake must be a substantial variance from the true name of the owner. Here, the misnomer is found only in the subsequent proceed-

ings, and not in the assessment.  See *Stevenson* v. *Henkle,* 100
Va. 591; *Pierce* v. *Richardson,* 37 N. H. 306; *Lumber Co.* v.
*Hagar,* 118 Mich. 452.

We find insufficient the effort to redeem within the year
·fixed by statute.  In fact, there was no offer to redeem.  While
Glover expressed a willingness to accept payment of the money
necessary for that purpose, none was offered then or subse-
quently within the redemptive period.  Giving to it the most
liberal interpretation, the effort was a mere suggestion, by an
agent of one or more of the owners, that they would or might
redeem.

Plaintiff further relies on the failure of the sheriff to sell
an interest in the lots or one of them, instead of both lots *in
solido* and the improvements thereon, as warranting relief.
That the lots were thus sold is charged in the bill, and ad-
mitted in the answer.  But the answer does not admit, and
there is no proof even tending to show, that the sheriff failed
to offer one lot, or an interest only in one or both lots,
In the absence of such proof, where the fact is not admitted,
it will be presumed the sheriff performed his duty in the man-
ner required by law; and, although he should offer for sale,
and upon a bid sell, only an interest in town lots sufficient to
.pay the taxes, costs and commissions, yet if he sells the lot or
lots as a whole, and not an interest therein, it will be presumed
such sale was necessary.  *Duerr* v. *Snodgrass,* 58 W. Va. 472.
The· specific and comprehensive terms and provisions of §25,
ch. 31, Code, seem intended for the purpose and to have the
effect of providing against the disturbance of recorded tax
deeds, except where the irregularity is such as to mislead the
owner and thereby defeat redemption.

Mrs. Fitchner having died intestate and without issue,
sometime in 1910, title to her property devolved upon her
brothers and sisters subject to the life estate of her surviving
husband; and some one or more of the heirs at law knew of
the tax sale. to 'Glover before the expiration of the redemp-
tive period.  That they had such knowledge appears from the
effort to redeem to which we have referred.  They, therefore,
were not deceived or misled.

But plaintiff says he was during such period a nonresident
of the state, and did not know of the delinquency and sale

until after recordation of the tax deed. However, the fact of nonresidence we deem immaterial. The statute neither asserts nor implies any difference between residents and nonresidents as to taxation or right to redeem. He also avers that upon inquiry in 1910 he was informed by the life tenant that the taxes on the lots had then been paid, and that, relying upon this information, he made no further investigation. If thus deceived, he can not impute to defendant the consequence of a reliance upon such misrepresentation. Fitchner did not then or subsequently, in any manner or for any purpose, represent the defendant; at least we find no proof of any such authority.

Finding no error in the decree, we affirm it.

*Affirmed.*