# CHARLESTON.

## MATHENY v. JACKSON.

Submitted February 25, 1919.   Decided March 4, 1919.

1. TAXATION—*Tax Sale—Misdescription in Advertisements—Effect.*
    Misdescription in a sheriff's advertisement of a tax sale of a town lot, by reference to it by the wrong number, will not vitiate the tax sale and deed.   (p. 553).

2. SAME—*Cancellation of Tax Deed—Fraud.*
    A false statement in relation to the land actually purchased, made by the purchaser at a delinquent tax sale, to the former owner, who applies to him for the purpose of redeeming within the time allowed by law, and on the truth of which the former owner relies and permits the time of redemption to expire, constitutes a fraud entitling the former owner to a cancellation of the tax deed.   (p. 554).

Appeal from Circuit Court, Wyoming County.

Suit by M. F. Matheny against Silas Jackson.   From a judgment dismissing the bill, plaintiff appeals.

*Reversed and remanded.*

*F. E. Shannon,* for appellant.
*Toler & Moran,* for appellee.

WILLIAMS, JUDGE:

This suit was brought by M. F. Matheny against Silas Jackson to cancel a tax deed made to defendant on the 10th of January, 1917, by Will P. Cook, Clerk of the County Court of Wyoming County, for an undivided one-half interest in lot No. 23 in the town of Sizemore in said county, pursuant to a sheriff's sale, made the 13th of December, 1915, for delinquent taxes, assessed for the year 1913 in the name of Elizabeth Sturgill, plaintiff's grantor.   Defendant answered and depositions were taken and filed, pro and con.   Upon the hearing, on the 16th of February, 1918, the court held plaintiff was not entitled to relief and dismissed his bill, and he has appealed.

Two issues are raised, one of law and the other of fact. The issue of law is, that the misdescription of the lot in the

sheriff's advertisement of sale is fatal to the validity of the tax deed, it being described in the advertisement as lot No. 13, when, in fact, the lot returned delinquent and sold is No. 23. This point is not well taken. Sections 6 and 25 of chapter 31, Barnes' Code, expressly provide that such a misdescription shall not affect the sale and deed. The following decisions settle this point. *Hamill* v. *Glover*, 74 W. Va. 152, and *Fleming* v. *Charnock*, 66 W. Va. 50.

The issue of fact is, that plaintiff applied to defendant, within the time allowed for redemption, for the purpose of redeeming his lot, and was misled by his false and fraudulent statement, on the truth of which plaintiff relied. Plaintiff testifies that, sometime in November, he thinks about the 10th, 1916, he was in Pineville, and was then informed by Floyd Lusk that defendant had bought in plaintiff's lot at a tax sale; that plaintiff immediately went to see defendant for the purpose of redeming it, and told him he understood he had bid in lot No. 23 in the town of Sizemore, or an interest therein and, if it was true, he wanted to redeem it, and defendant replied that he had made no such purchase, that he and some friends of his had made several purchases at the delinquent sale, but that plaintiff had no property in the list. This was within the time to redeem. Defendant admits plaintiff came to see him, but denies he told plaintiff that none of his property was in the list of properties he had purchased, because, he says, he did not then know who owned the lot. He swears plaintiff said to him: "I understand you have bid in some of my property," and witness replied that, if he had, he did not know it, and then got his receipts and looked over them, and told plaintiff he had bought nothing that was sold in his name, and further says plaintiff only asked about lots sold in his name, and that he did not know at the time of sale, and did not learn until after the year of redemption had expired, that plaintiff owned lot No. 23. But defendant is contradicted and plaintiff supported by witness Floyd Lusk who gave plaintiff the information about the sale. Lusk was the owner of lot No. 13, and says John Riley Sizemore had told him that defendant had bid in his (witness') lot, and

got a copy of the paper containing a notice of the sale and showed it to witness, and that it was lot No. 13 that was advertised.    Lusk was, therefore, especially interested in ascertaining if lot No. 13 had been sold and bid in by defendant, and says he went to him and asked him if he had bought his lot and defendant replied he had not.    Witness says further that he was not sure he had all the tax receipts, and went the second time to ask defendant about his purchase, and says he replied: "it wasn't my lot at all, that it was Mike Matheny's," and further said something about Matheny's causing him to pay out a lot of money, and that he would like to get some of it back, or wanted a show to get some of it back.    After witness had told plaintiff that defendant had bought his lot, he says plaintiff went immediately, directly across the street and into defendant's store. Defendant admits witness Lusk came to see him twice about the matter, and fixes the time of the second conversation after the time to redeem had expired, but says he does not remember the month or day.    The time of this second visit is very material and, in regard to that matter, defendant is evidently mistaken, because he does not deny that plaintiff had come to see him about the lot, at the time fixed by plaintiff, which was within the time of redemption.    It was evidently after both visits to defendant by witness Lusk that Lusk told plaintiff of the tax sale, for defendant admits he told Lusk that he "had found out it was Mike Matheny's lot and as it was (he) didn't care to stick Mike a little, that he had caused (him) to pay out a little money unnecessarily, (he) thought."    And this, in substance is what plaintiff and Lusk both swear the latter told the former on the day, and immediately before, he went to see defendant.    Plaintiff says he relied on defendant's statement to him as being true and was misled by it, and allowed the year of redemption to expire before he ascertained the fact to be that his lot had been sold in the name of his grantor Elizabeth Sturgill, for delinquent taxes of 1913, and a one-half interest therein purchased by defendant.    This was a fraud upon plaintiff, entitling him to a cancellation of the tax deed.    *James v. Piggott,* 70 W. Va. 435.

Plaintiff, by his bill, tendered the amount of taxes, interest and costs and offers to pay the same. This, of course, he should do, it being admitted that the taxes, for which the lot was sold, were unpaid.

The decree will be reversed and the cause remanded, with instructions to the lower court to enter a decree cancelling the tax deed after payment has been made by plaintiff to defendant of the sum tendered, awarding costs to appellant both in this court and the court below.

*Reversed and remanded.*