# CHARLESTON.

R. B. LEMMON v. FISHER F. SCAGGS.

Submitted January 27, 1920. Decided February 3, 1920.

TAXATION—*Delinquent List, Unless Sworn to, Void, and Verification on Following Day is of No Effect.*

    A deliquent list of lands, to be valid, must have the affidavit of the sheriff thereto, required by statute, when acted on by the county court; otherwise the tax sale and deed depending thereon are void; and such fatal defect is not cured by the action of the officer in verifying such return on a subsequent day, after the court has adjourned.

Appeal from Circuit Court, Wayne County.

Suit by R. B. Lemmon against Fisher F. Scaggs. From a decree in favor of defendant, plaintiff appeals.

*Reversed and remanded.*

*Dillon & Nuckolls,* for appellant.

*J. M. Rigg,* and *Meek & Renshaw,* for appellee.

MILLER, JUDGE:

The object of plaintiff's bill is to remove as a cloud upon his title to lots numbered twenty-four (24) and twenty-five (25) in the town of Westmoreland, Wayne County, a certain tax deed, made by Sam J. Crum, clerk of the county court of said county, to the defendant Fisher F. Scaggs, dated December 12, 1917, recorded in Deed Book No. 105, page 375, which lots, the bill alleges, the sheriff of said county, on December 11, 1916, pretended to sell as deliquent for the non-payment of the taxes thereon for the year 1914, and at which sale the defendant Scaggs was the purchaser thereof for the sum of $7.08.

Several grounds for relief are alleged and relied on, the first and foremost of which is, that there was no deliquent return by the sheriff of said county for the year 1914 warranting the sale and conveyance of said lots for the taxes charged and chargeable thereon for that year.

The deliquent list referred to and exhibited with the bill, and alleged therein to be void, and the only one relied on by defendant as the basis of his right and title to said lots, purports on its face to have been sworn to by John S. Billups, Sheriff, June 26, 1915. The deliquent list called for and allowed by the order of the county court entered June 25, 1915, was one purporting to have been then sworn to by Billups, Sheriff, and three of his deputies. The order of the county court, entered June 25, 1915, is as follows:

"At a special session of the County Court of Wayne County, West Virginia, held at the Court House thereof on Friday, June 25, 1915. R. S. Sanson, President, C. M. Fraley and H. W. Thompson, Commissioners.

"This day the court completed its examination of the list of real estate and personal property, delinquent for the non-payment of taxes thereon for the fiscal year of 1914, verified by the

affidavit of *John S. Billups, S. W. C. and James Williams, Robert Adkins and Hartley Ferguson, his Deputies,* appended thereto which said list being found correct is therefore allowed, a recapitulation of which is as follows."

But the record contains no recapitulation. Immediately after this order is the following:

"Ordered that this court do now adjourn until Monday, July 5, 1915."

A delinquent list such as is called for by said order of June 25, 1915, has not been produced. The delinquent list purporting to have been sworn to by said Billups, Sheriff, on June 26, 1915, has endorsed on it by the clerk the following: "West Virginia, SS: At a County Court held for the County of Wayne at the Court House thereof on Saturday the 26th day of June, 1915. This day John S. Billups, Sheriff of this county, presented to the court a *list of real estate which is improperly placed on the Assessor Books or is not ascertainable with the amount of Taxes charged on such property* for the year 1914. Verified by his affidavit thereto appended, which said list being examined by the court, and found to be correct is therefore allowed. A copy. Teste: Sam J. Crum, Clerk of County Court."

But as the record shows the court adjourned on June 25, to July 5, after considering a delinquent list then before it, and identified as having been sworn to by Billups and his three deputies, manifestly the court was not in session on June 26, and if it could have been the order just referred to shows no action on a delinquent list. As a matter of fact the record shows that no such order as purports to be endorsed and attested by said clerk, nor any order, was entered by the court on June 26, 1915. A certified copy from the Auditor's Office, corresponding with the record of the county court, shows no delinquent return from said county for the year 1914 sworn to on or before June 25, 1915, and the sheriff on the witness stand swears that the return purporting to have been verified by him on June 26, 1915, is the only one made up and returned by him. So that taking the record as presented, we must hold that if the delinquent return relied on was actually before the county court on June 25, 1915, and the court then undertook to act thereon, when it was not sworn to by Billups nor

by Billups and his deputies as stated, this was a grave omission.

But does this omission amount to a mere error or irregularity, curable after deed by section 25 of chapter 31 of the Code? We think not.

We have heretofore decided, not once but thrice at least, that a list of delinquent lands must have the affidavit required by statute when acted on by the county court, otherwise the tax sale and deed resting on it are void. *Plaster* v. *Harmon,* 70 W. Va. 634; *Wilkinson* v. *Linkous,* 64 W. Va. 205; *Devine* v. *Wilson,* 63 W. Va. 409. The fact that the delinquent list may have been sworn to by the sheriff the day after the order and action of the county court thereon is as fatal to the validity of the return as if sworn to a month or more after such action. The statute must be substantially complied with before such action is taken. A return not so sworn to, is no return. Without a valid return no title passes by the subsequent proceedings.

As the conclusion reached on the delinquent return is conclusive of the right of plaintiff, we think it unnecessary to respond to the several other questions presented and argued.

We are therefore of opinion to reverse the decree below, and to remand the cause with directions to ascertain the amount of the taxes paid by defendant for said lots at said tax sale, and all taxes paid by him on said property since then, together with the costs of any survey and report made to the clerk of the county court, with interest thereon as provided by law, and upon the payment thereof by plaintiff, as proposed and tendered by his bill, to cancel and set aside as a cloud on his title the tax deed complained of, and to award him a writ of possession, if possession has been acquired by defendant.

*Reversed and remanded.*